

**Signed and Filed: September 03, 2009**

_____
**THOMAS E. CARLSON
U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Case No. 06-30904 TEC |
| SOPHIE H. NG, | ) Chapter 11 |
| Debtor. | ) |
| JANINA M. ELDER, Chapter 11 Trustee, | ) Adv. Proc. No. 07-3071 TC |
| Plaintiff, | ) |
| vs. | ) |
| PATRICIA ISABELLE HEWLETT, REGULO CUBILLOS SIERRA, CHARLENE DELANEY REAL ESTATE, INC., dba KELLER WILLIAMS REALTY, and PRUDENTIAL CALIFORNIA REALTY, | ) **MEMORANDUM DECISION RE TRUSTEE'S MOTION TO DEEM MATTERS ADMITTED AND TO PRECLUDE PROOF OF DAMAGES** |
| Defendants. | ) |
| REGULO CUBILLOS SIERRA and PRUDENTIAL CALIFORNIA REALTY, | ) |
| Third-Party Plaintiffs, | ) |
| vs. | ) |
| FRED KOOPMAN, KAYE KOOPMAN, LOMBARD STREET LOAN COMPANY, WARD REALTY, LOMBARD STREET EMPLOYEES PLAN, and UNITED COMMERCIAL BANK, | ) |
| Third-Party Defendants. | ) |

MEMORANDUM RE MOTION TO DEEM
MATTERS ADMITTED AND PRECLUDE PROOF   -1-

**FACTS**

On January 19, 2007, Patricia Hewlett filed a proof of claim in the Sophie Ng bankruptcy case. The claim is a secured claim in the sum of $1,060,000, based on Debtor's alleged breach of a May 3, 2004 option contract that entitled Hewlett to purchase from Debtor a 24-unit apartment building in San Francisco located at 1385 Clay Street (the Property). Hewlett obtained the option one year after representing Ng as her real estate agent in purchasing the Property.

On June 29, 2007, Trustee filed a complaint in the present action, seeking to disallow Hewlett's claim on the grounds of breach of fiduciary duty, fraud, negligence, deceit, negligent misrepresentation, undue influence, and elder abuse.

James Attridge represented Hewlett in the adversary proceeding until April 3, 2009, when Hewlett filed a pleading substituting herself as counsel.

Both when Hewlett was represented by counsel and when Hewlett represented herself in pro per, Hewlett failed to respond to discovery requests properly served upon her by Trustee. Hewlett also failed to comply with an order by this court compelling her to produce documents.

On August 24, 2007,[1] Trustee served on Hewlett a first request for production of documents, and a first request for admissions. Hewlett failed to respond to Trustee's first request for production of documents. Although Hewlett did serve responses to Trustee's

---

[1] On August 23, 2007, the court entered an order allowing the parties to serve discovery immediately.

first request for admissions, her responses were served more than two weeks late.

On October 19, 2007, Trustee served Hewlett with a first set of interrogatories, and a second request for production of documents. Hewlett never responded to this second set of discovery.

Trustee brought a motion to compel Hewlett to comply with Trustee's first request for production of documents. The court entered an order on December 12, 2007 granting that motion and compelling Hewlett to produce without objection documents responsive to Trustee's first request for production of documents. Hewlett failed to comply with that order.

Hewlett failed to serve a response to Trustee's third request for production of documents, second set of interrogatories, and second request for admissions, served by Trustee on July 13, 2009.

There is nothing in the record to indicate that Hewlett sought an extension of time to respond to any of the discovery requests served by Trustee, or that she sought relief from the court's December 12, 2007 order compelling production of documents.

On June 4, 2009, the court held at a trial setting conference, at which Hewlett appeared on her own behalf. At the conference, the court severed for trial Trustee's objection to Hewlett's claim, set a discovery cutoff of August 14, 2009, and set a trial date of September 1, 2009.

On August 25, 2009, Trustee filed and served upon Hewlett a motion to disallow Hewlett's claim based on deemed admissions or to bar Hewlett from introducing evidence at trial. Trustee's motion was set for hearing on the first day of trial, September 1, 2009.

On August 26, 2009, Hewlett filed a Petition for Trial Extension and Jury Selection for New Attorney to Review Case. In that petition, Hewlett stated that she was in the process of retaining an attorney to represent her.

The court heard argument from both parties on September 1, 2009. In response to Trustee's motion, Hewlett stated that she thought she had responded to Trustee's requests for documents, but despite the fact that Trustee's motion clearly raised Hewlett's failure to produce documents, Hewlett did not bring to court copies of the documents she claims to have produced or any other proof that she had produced documents to Trustee.

The court denied Hewlett's petition to continue the trial, and granted Trustee's motion to disallow Hewlett's claim, for the reasons stated on the record at the hearing and for the reasons set forth below.

**DISCUSSION**

1. <u>Admissions.</u> It is appropriate for the purpose of Trustee's objection to Hewlett's claim to deem as conclusively established all the matters covered in Trustee's second request for admissions. I find that Trustee properly served that request for admissions, that Hewlett did not timely respond to that request for admissions, and that the second request for admissions was properly limited to questions of fact and questions regarding the application of law to fact. Because Hewlett did not timely respond to the second request for admissions, the matters covered by the second request for admissions are conclusively established, unless the court, upon motion, permits the admissions to be withdrawn or

amended. Fed. R. Civ. P. 36.[2] Hewlett never moved to withdraw or amend the resulting admissions, even on the first day of trial, despite being served with Trustee's motion to disallow Hewlett's claim based on her deemed admissions.

Had Hewlett asked to withdraw her admissions on the first day of trial, I would have denied that request. Rule 36(b) provides in relevant part that: "the court *may* permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party[3] in maintaining or defending the action on the merits." (emphasis added). For the following reasons, the circumstances do not satisfy either of the requirements of Rule 36(b) and, in any event, withdrawal of the admissions should be denied as a matter of discretion.

Withdrawal of the admissions would not further decision of the controversy on the merits, because Hewlett has refused to participate in the pursuit of the merits through her almost complete refusal to respond to discovery. In addition to failing to respond to the second request for admissions at issue here, Hewlett failed to provide any response whatsoever to three requests for production of documents and two sets of interrogatories. Those requests for production and interrogatories asked Hewlett to identify, *inter alia*, the documents and witnesses Hewlett intended to rely upon in establishing damages. Hewlett failed to produce

---

[2] Fed. R. Civ. Proc. 36 applies to adversary proceedings. Fed. R. Bankr. Proc. 7036.

[3] "Requesting party" means the party who requested the admissions, not the party seeking to withdraw the admissions.

**MEMORANDUM RE MOTION TO DEEM**
**MATTERS ADMITTED AND PRECLUDE PROOF**   -5-

documents responsive to Trustee's first request for production of documents, even after the court entered an order compelling her to do so. Hewlett did respond to Trustee's first request for admissions, and did submit to deposition shortly before trial, but at that deposition she failed to respond in any meaningful way to the questions about her damages. In sum, to relieve Hewlett of her admissions would require Trustee to go to trial without those admissions and without any clue about Hewlett's claim for damages. Such a process would not advance the orderly and reliable resolution of the controversy on the merits.

Withdrawal of the admissions at this date would also prejudice Trustee, because it would have occurred on the first day of trial. See 999 v. CIT Corp., 776 F.2d 866, 869 (9th Cir. 1985). Although Trustee did not request the admissions until shortly before trial, Trustee acted reasonably in doing so, because Hewlett had refused to respond to all other forms of discovery.

Withdrawal of the admissions should also be denied as a matter of discretion. See Conlon v. United States, 474 F.3d 616, 624-25 (9th Cir. 2007). First, Hewlett has acted in bad faith throughout the litigation. She refused to make discovery even when ordered to do so by the court, and she actively interfered with Trustee's efforts to implement a court order authorizing the sale of the Property.[4] Second, Hewlett is not likely to prevail on her claim

---

[4] Hewlett actively interfered in several ways with Trustee's efforts to market and sell the Property. First, Hewlett refused to comply with this court's order to produce documents relevant to the income and expenses of the Property. Second, Hewlett ignored this court's injunction ordering her to stay off the Property, and allowed her brother to occupy a unit on the Property after

MEMORANDUM RE MOTION TO DEEM
MATTERS ADMITTED AND PRECLUDE PROOF    -6-

even if permitted to withdraw her admissions. There are obvious and serious questions about the validity of the option upon which Hewlett's claim is based. Hewlett obtained the option to purchase the Property from Ng one year after acting as Ng's real estate agent in the purchase of the same Property. Ng is elderly and has limited command of English. Hewlett has produced no evidence that she advised Ng to seek independent advice regarding the transaction, despite Trustee's request for such information via discovery. Even if the option were found to be valid, Hewlett would likely be unable to support any claim for damages, as any witnesses or documentary proof she might offer would be excluded under Fed. R. Civ. P. 37(c)(1),[5] because they were never disclosed to Trustee. Thus, notwithstanding that Hewlett is currently not represented by counsel, the facts and circumstances of the case suggest that any request to withdraw the admissions should be denied as an exercise of discretion.

If Hewlett's admissions are not set aside, her claim must be disallowed, because in those admissions Hewlett acknowledges that the option to purchase is unenforceable and that she has suffered no damages.

2. <u>Violation of Order Compelling Discovery.</u> It is also appropriate to preclude Hewlett from introducing evidence to support her claim for damages as a sanction for Hewlett's failure

---

the court approved the sale of the Property. The court cites this conduct to show lack of mistake in Hewlett's failure to respond to discovery.

[5] Fed. R. Civ. Proc. 37 applies to adversary proceedings. Fed. R. Bankr. Proc. 7037.

**MEMORANDUM RE MOTION TO DEEM MATTERS ADMITTED AND PRECLUDE PROOF** -7-

to obey the court's December 12, 2007 order compelling Hewlett to produce documents responsive to Trustee's first request for production of documents. Preclusion of such evidence is appropriate under Fed. R. Civ. P. 37(b)(2)(A)(ii), because Hewlett failed to obey a discovery order, because no fewer than 23 of the categories of documents requested concerned information regarding the damages claimed by Hewlett[6], because information concerning Hewlett's claim for damages is uniquely within Hewlett's knowledge, because Hewlett was represented by counsel at the time the discovery order was entered and violated, and because it is apparent from Hewlett's other conduct in this litigation that she acted willfully and not by mistake in failing to obey the discovery order. Hewlett bears the burden of proof on the question of damages, because Trustee has shown facts "tending to defeat" one or more elements of Hewlett's proof of claim. <u>Lundell v. Anchor Const. Specialists, Inc.</u>, 223 F.3d 1035, 1039 (9th Cir. 2000). Absent proof of her damages, Hewlett's claim must be disallowed.

    3. <u>Entry of judgment.</u> The court find there to be no just reason for delay and that judgment should be entered immediately disallowing Hewlett's proof of claim. There is a substantial possibility that denial of the claim, if not set aside on appeal, would end this lawsuit. Counsel for the other parties have made clear that there is a substantial possibility that once the present claim is resolved, Trustee may drop the other claims against

---

[6] First Request for Production of Documents, requests 9-27, 39, 44, 62, 64-65.

**MEMORANDUM RE MOTION TO DEEM MATTERS ADMITTED AND PRECLUDE PROOF** -8-

Hewlett, effectively eliminating Hewlett's related third-party claims as well.

**\*\*END OF MEMORANDUM\*\***

**MEMORANDUM RE MOTION TO DEEM
MATTERS ADMITTED AND PRECLUDE PROOF** -9-

## Court Service List

Patricia Isabelle Hewlett
132 Colon Ave.
San Francisco, CA 94112

Jeffrey L. Fillerup, Esq.
Luce, Forward, Hamilton and Scripps
Rincon Center II
121 Spear Street, Suite 20
San Francisco, CA 94105-1582

Jeffrey R. Brown, Esq.
P. Kurt Peterson, Esq.
Peterson, Martin and Reynolds LLP
49 Stevenson Street, 10th Floor
San Francisco, CA 94105

David M. Parker, Esq.
Parker and Crosland LLP
700 Larkspur Landing Circle
Suite 199
Larkspur, CA 94939-1754

Richard E. Roby, Esq.
Law Offices of Richard E. Roby
1218 23rd Avenue
San Francisco, CA 94122

Daniel Zamora, Esq.
Law Offices of Tobin and Tobin
500 Sansome Steet, Suite 800
San Francisco, CA 94111

**MEMORANDUM RE MOTION TO DEEM
MATTERS ADMITTED AND PRECLUDE PROOF**   -10-